UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDI RENE CHIAPOT PEREZ,<br><br>                                    Petitioner,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT; and OTAY MESA DETENTION CENTER,<br><br>                                    Respondents. | Case No.: 26-cv-2393-JES-AHG<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Rudi Rene Chiapot Perez's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's order to show cause, Respondents filed a return. ECF No. 8. After due consideration and for the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the petition.

## I.    BACKGROUND

This petition is Petitioner's second petition for writ of habeas corpus. *See Chiapot Perez v. Noem et al.*, Case No. 25-cv-3161-JES-VET ("*Chiapot I*").  Petitioner is a native of Guatemala who entered the United States in 2006. *Chiapot I*, ECF No. 1 ¶ 28. On October 9, 2025, Petitioner was apprehended In New York by Immigration and Custom Enforcement ("ICE") at a traffic light. ECF No. 1 at 3. He is currently being detained at the Otay Mesa Detention Center. *Id.*

The Court granted his first habeas petition, where he made the argument that he should not be mandatorily detained under 8 U.S.C. § 1225 but rather under § 1226. *Chiapot I*, ECF No. 1.  The Court agreed with Petitioner and granted him a bond hearing under § 1226(a). ECF No. 7.  Pursuant to that order, on December 1, 2025, an Immigration Judge ("IJ") held a bond hearing where Petitioner was denied bond based on a finding of danger to the community. ECF No. 8-1.

In addition to this background, Respondents also provide that Petitioner's merits hearing in his removal proceedings was held on March 20, 2026. ECF No. 8 at 2.  During this hearing, the IJ denied all forms of relief Petitioner sought and ordered him removed to Guatemala.  *Id.* Petitioner has since filed an appeal to the Board of Immigration Appeals ("BIA"), so there is currently no final order of removal at this time against Petitioner.  *Id.*

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

In the return, Respondents argue that the Court should decline to consider Petitioner's writ because he did not appeal his bond hearing order to the BIA, thereby his claim is not exhausted.  ECF No. 8.  The Court acknowledges that the currently pending

26-cv-2393-JES-AHG

petition, filed by Petitioner pro se, is not a model of clarity, but the Court does not interpret the petition as requesting a substantive review of the December 2025 bond order. Rather, Petitioner appears to be asking for release from detention based on the general circumstances of his presence in the United States and his arrest. *See* ECF No. 1.

The Court does not find that Petitioner has asserted any cognizable claim in his petition that would substantiate his request for release. However, since his first petition, Petitioner has been held in detention for a notably longer period of time—a total of just over seven months to date. Thus, the Court will consider whether this additional length of time could form the basis of any claim, in particular whether Petitioner is entitled to an additional bond hearing at this time.

District courts in the Ninth Circuit have applied the *Mathews v. Eldridge*, 424 U.S. 319 (1976), test when addressing due process where a petitioner has already been afforded at a least one bond hearing. *See, e.g.*, *Sahota v. Allen*, No. 20-CV-03180-WHO, 2020 WL 2992872, at *6 (N.D. Cal. June 4, 2020) (using *Mathews* framework to determine whether bond hearing was appropriate where petitioner's last bond hearing was two years prior); *Rubin v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. 2:24-CV-00260-TL-TLF, 2024 WL 3431914, at *6 (W.D. Wash. June 28, 2024) ("Because petitioner has already received a bond hearing (at which the Government had the burden), the Court should apply the *Mathews* test in this case."); *Singh v. United States Immigr. & Customs Enf't*, No. 2:22-CV-00548-BHS-TLF, 2023 WL 4627819, at *7 (W.D. Wash. Mar. 17, 2023) ("[W]here a petitioner has already had a hearing, courts in this District have applied the *Mathews* test to determine whether an additional bond hearing is required."); *Espinoza v. Wofford*, No. 1:24-CV-01118-SAB-HC, 2025 WL 1556590, at *12 (E.D. Cal. June 2, 2025) ("Here, as Petitioner has already received a bond hearing and is seeking a second bond hearing, the Court finds that the three-part test set forth in [*Mathews*] is applicable."); O*rtuno-Perez v. ICE Field Off. Dir.*, No. 2:23-CV-344-BHS-DWC, 2023 WL 5807305, at *4–5 (W.D. Wash. Aug. 1, 2023) ("Where a petitioner has already had a bond hearing,

courts in this District have applied the test set forth in [*Mathews*] to determine whether an additional bond hearing is required.").

Under *Mathews*, the Court must consider three factors: "(1) the private interest at stake; (2) the risk of an erroneous deprivation of the private interest at stake through the procedures used, and the probable value, if any, of additional procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that any additional procedural requirements would entail. 424 U.S. at 335.

As to the <u>first</u> factor, it is indisputable that "the private interest at issue here is 'fundamental': freedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez v. Sessions*, 872 F.3d 976, 933 (9th Cir. 2017); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects."); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) ("We have also held, more generally, that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial.'"). While courts have considered the relative strength of this interest at different stages of the removal process, they have generally rejected the government's efforts to meaningfully distinguish between the liberty interests of detainees at various stages and detention under different provisions of the INA. *See Rubin*, 2024 WL 3431914, at *7. However, the Ninth Circuit has cautioned that courts should not "overstate the strength of [Petitioner]'s showing under the first *Mathews* factor." *Rodriguez Diaz*, 53 F.4th at 1207. "[W]e cannot simply count his months of detention and leave it at that. We must also consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order." *Id.* Here, Petitioner's detention had become prolonged. However, courts have recognized that this interest is "somewhat diminished" where petitioners have had a prior bond hearing. *See Alvarez v. Beccerra*, No. 1:26-CV-00008 DC SCR, 2026 WL 295552, at *4 (E.D. Cal. Feb. 4, 2026).

26-cv-2393-JES-AHG

Petitioner does not raise any concerns with the validity of the bond hearing in his petition. Thus, the Court finds that this factor weighs slightly in favor of Petitioner.

In evaluating the second *Mathews* factor, "the Ninth Circuit has looked to whether the detainee has a statutory right to procedural protections, such as individualized custody determinations and the right to seek additional bond hearings throughout detention." *Jensen v. Garland*, No. 5:21-cv-01195-CAS (AFM), 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023) (citing *Rodriguez Diaz*, 53 F.4th at 1209-10). Generally, where a noncitizen has been afforded some process, "the risk of an erroneous deprivation of his liberty interest and the value of additional procedures is very low unless he can demonstrate a material change in circumstances since his last bond hearing." *Rubin*, 2024 WL 3431914, at *8. In evaluating this factor, courts may take into consideration when Petitioner's last bond hearing was held and whether Petitioner has articulated any changed circumstances. Here, Petitioner's last bond hearing was held in December, about six months ago. This falls short of the length of time where courts generally find this factors tips to Petitioner. *See, e.g.*, *Alvarez*, 2026 WL 295552, at *6 (finding factor weighed against petitioner where previous bond hearing was a year ago); *Cruz-Olvera v. Henkey*, No. 2:26CV00218-CDS-EJY, 2026 WL 658917, at *5 (D. Nev. Mar. 6, 2026) (finding factor weighed against petitioner where previous bond hearing was six months ago); *but see Sahota*, 2020 WL 2992872, at *6 (finding factor weighed for petitioner where previous bond hearing was one and a half years ago). In addition, Petitioner has not articulated any changed circumstances that may affect the bond determination. Thus, the Court concludes that this factor weighs against Petitioner.

As to the third factor, it is similarly indisputable that the government has strong interests in enforcing the INA's statutory framework for detention of "noncitizens whom Congress has deemed pose a flight risk or danger to the community based on their offenses." *Rubin*, 2024 WL 3431914 at *7. It also has a strong interest in the "[e]nforcement of [the] immigration laws," particularly paying attention to the sovereign interests at stake in the immigration context. *Rodriguez Diaz*, 53 F.4th at 1208. However,

26-cv-2393-JES-AHG

courts have distinguished the strength of this interest depending on whether the noncitizen seeks release or another bond hearing. Governmental interests in enforcing immigration laws in general may be substantial, but in the context of whether to provide Petitioner with another bond hearing or not, this interest may be diminished if another bond hearing is sought because "courts generally have found that the cost of providing a bond hearing is relatively minimal" and usually, providing another bond hearing would not be "fiscally or administratively burdensome." *Eliazar G.C. v. Wofford*, No. 1:24-CV-01032-EPG-HC, 2025 WL 711190, at *8 (E.D. Cal. Mar. 5, 2025). Here, the government's interest is mitigated by the "minimal cost" but this must be balanced against Petitioner's lack of any expressed changed circumstances since his last bond hearing. Thus, the Court finds that this factor tips in favor of the government.

In conclusion, weighing the *Mathews* factors overall, the Court concludes that due process does not require ordering another bond hearing for Petitioner at this time.[1]

### IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** Petitioner's writ of habeas corpus. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 13, 2026

Honorable James E. Simmons Jr.
United States District Judge

---

[1] While the Court finds that there is no due process violation at this time requiring a second bond hearing, this conclusion is without prejudice to Petitioner bringing a renewed petition should his detention continue to be prolonged.

26-cv-2393-JES-AHG